**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN P. LOPEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CEO OF ANCORA PSYCHIATRIC HOSPITAL, et al., <br><br> Defendants. | Civil Action No. 22-6205 (KMW) (EAP) <br><br> **OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the civil rights complaint (ECF No. 1) filed by Plaintiffs Jonathan Lopez and James Edwards. Also before the Court is Plaintiffs' application to proceed *in forma pauperis*. (ECF No. 1-2.) Having reviewed the application, and this Court finding that leave to proceed *in forma pauperis* is authorized in this matter, Plaintiffs' application shall be granted. As such, this Court is required to screen their complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiffs are two individuals civilly committed to the Ancora Psychiatric hospital following their being found not guilty of crimes by reason of insanity. (ECF No. 1 at 2-4.) In their complaint, Plaintiffs contend that they have been repeatedly subjected to "illegal" searches of their restricted housing units without warrants or their permission. (*Id.* at 10-22.) Plaintiff's also assert

that, during these searches, staff members improperly and illegally "steal" or destroy portions of their property. (*Id.*) Finally, Plaintiffs assert that, on one occasion, an officer employed by the hospital threatened Plaintiff Lopez by telling him that "you have no clue what I could do. I could just do you in . . . and write a statement." (*Id.* at 6.) Based on these allegations, Plaintiff seek to raise civil rights claims against the officers involved and various supervisory officials for illegal search and seizure, unlawful deprivation of property, and excessive force.

## II.   LEGAL STANDARD

Because Plaintiffs shall be granted *in forma pauperis* status in this matter, this Court is required to screen their complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544,

2

555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In their complaint, Plaintiffs chiefly complain that they have been subjected to "illegal" searches of their rooms while involuntarily civilly committed without a warrant or doctor's order. The "Fourth Amendment proscription against unreasonable searches," however, "does not apply within the confines of [a] . . . cell," as those lawfully subject to detention by the state have no valid expectation of privacy sufficient to warrant such protections. *See Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Although civil detainees do have a greater expectation of privacy than convicted prisoners, their rights while confined are not unlimited and they may be subjected to reasonable impositions on their rights – which include the practice of conducting random cell searches for contraband. *See, e.g., Glazewski v. Barnett*, No. 22-1877, 2022 WL 2046921, at *3-4 (D.N.J. June 7, 2022). Here, Plaintiffs take issue with random cell searches for contraband conducted by the hospital in which they are involuntarily detained using dogs and institutional officers. As such random searches for contraband are not generally unreasonable, and Plaintiffs have pled no facts suggesting that the

searches – as opposed to the destruction of property during searches – themselves were excessive or unreasonable, their illegal search claims must be dismissed without prejudice.

Turning to Plaintiffs' claims regarding the destruction of property, the Court notes that "[w]here a state actor deprives an individual of property without authorization, either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543-44] (1981), *overruled in part on other grounds, Daniels v. Williams*, [474 U.S. 327] (1986)." *Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015). As the New Jersey Tort Claims Act amounts to a sufficient post-deprivation remedy, a detained plaintiff in New Jersey may not pursue a civil rights claim based on the improper destruction or theft of his property as Due Process is available to him through a Tort Claims Act claim in state court. *Id.*; *see also Pressley v. Huber*, 562 F. App'x 67, 70 (3d Cir. 2014). Plaintiffs' claims that the officers stole or destroyed their property without authorization or proper cause, and the Tort Claims Act is available to them as a post-deprivation remedy, their claims related to the loss of their property fail to state a valid basis for relief under § 1983 and must be dismissed as such.[1]

Plaintiff Lopez next attempts to raise a claim against one of the hospital's officers based on the implied threat in the officer's statement that he could "do [Plaintiff] in" and write a report. While such a statement is patently inappropriate and deplorable, mere threats, without further action, such as a use of violence or extended and individually targeted harassment, do not amount to a constitutional violation. *See, e.g., Hudson*, 468 U.S. at 528-30; *Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009); *Salley v. Pa. Dep't of Corr.*, 181 F. App'x 258, 266 (3d Cir. 2006);

---

[1] Plaintiffs thus may pursue the issue further by filing a Tort Claims Act claim in state court.

4

*McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999). As Plaintiffs have not provided sufficient facts to suggest an imposition of force which accompanied the alleged threat, nor have they alleged facts showing targeted and extended harassment, as opposed to general miscreance on the part of rogue officers, this claim must be dismissed without prejudice at this time.

Finally, Plaintiffs assert in their complaint that they intend to raise a claim related to the misuse of restraints against them. Plaintiffs, however, provide no clear facts which would support an assertion that restraints were unreasonably used against them – they assert only that, at times, they were placed in restraints during searches, without any surrounding facts to show that the use of restraints was improper or unnecessary. Thus, to the extent Plaintiffs wished to pursue such a claim, it must be dismissed without prejudice for a lack of any supporting factual allegations. *Iqbal*, 556 U.S. at 678. As all of Plaintiff's claims must be dismissed, their complaint shall be dismissed without prejudice in its entirety. Plaintiffs are granted leave, however, to file an amended complaint within thirty days.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiffs' complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge